UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Beckley,<br>*a/k/a Derrell Beckley,*<br><br>                    Plaintiff,<br><br>vs.<br><br>City of Charleston; Charleston Police Dept.; and Charleston Fire Dept.,<br><br>                    Defendant(s). | ) C/A No.: 2:13-3561-DCN-BM<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

Plaintiff files this matter pro se. Plaintiff alleges he was hit by a fire truck on June 14, 2011 while he was "on [his] bike in the crosswalk with the walk light on." According to the Complaint, someone called the police. When the police arrived, Plaintiff alleges they "ran off two witnesses." According to the Plaintiff, the police officer took Plaintiff's identification, and threatened him with jail because the officer "smelled alcohol." Plaintiff alleges that when the Fire Department arrived, the police officer walked over to the driver of the fire truck and then the Fire Department left the scene. The police officer told the Plaintiff they left because he refused help. Plaintiff denies this, stating no one got out of the truck when they arrived, and they didn't "say a word, knowing I had to be hurt."

Plaintiff alleges the police officer subsequently went over to the driver of the truck that hit the Plaintiff and told him to leave. Plaintiff alleges he wrote down the tag number of the



1

truck that hit him, before it left. According to the Plaintiff, the officer asked the Plaintiff where he stayed, and then told him to "get there, and if he see['s him] out later on. He was going to put [him] in jail." Plaintiff claims he saw a lawyer and a doctor and "got the bill." He states he left town because he was "in fear for [his] safety[,]" but came back because his "lawyer [was] talking to [him]. Plaintiff alleges he found out his lawyer "had done nothing." He further alleges he fired his lawyer after "getting the run around from the City and the Police." Plaintiff alleges the City and the police are trying to cover up the incident. Plaintiff seeks fifty million dollars in damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute also allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989). This court is also required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller*



2

*v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; see also F. R. Civ. P.12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A Plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). *See also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the Complaint provide "a short and plain statement of the grounds for the court's jurisdiction [,]" although if the Complaint does not contain "an affirmative pleading of a jurisdictional basis a federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick,* 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Nonetheless, if the Court, viewing the allegations in the light most favorable to the Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Further, although the absence



3

of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Id*.

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. As discussed below, the allegations contained in the Plaintiff's Complaint do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). Here, the Court has no diversity jurisdiction over this case because, according to the Plaintiff's information, he and the Defendants are all residents of South Carolina. In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, Plaintiff's Complaint contains no allegations of any specific violation of any federal statute or Constitutional provision by the Defendants. The essential allegations of the Complaint, which involve the details of an accident between a cyclist and a fire truck, are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff is not entitled to proceed with claims otherwise appropriate for state court just because the individuals about whom he complains are public employees. *See Lovern*, 190 F.3d at 655 ('"[T]he Constitution does not contemplate the federal judiciary deciding



4

issues of state law among non-diverse litigants"). While Plaintiff's allegations may or may not be sufficient to state a claim under state law, he has not presented this Court with a basis for *federal* subject matter jurisdiction. *Paul v. Davis*, 424 U.S. 693, 701 (1976) (not every claim which may set forth a cause of action under a state tort law is sufficient to set forth a claim for a violation of a constitutional right); *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (§ 1983 does not impose liability for violations of duties of care arising under state law); *Baker v. McClellan*, 443 U.S. at 146 (§ 1983 claim does not lie for violation of state law duty of care). Therefore, his Complaint should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. The Plaintiff's attention is directed to the important notice attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 20, 2014
Charleston, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

